UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHENDER REDDY KESIREDDY,<br><br>Plaintiff,<br><br>v.<br><br>KIKA SCOTT, et al.,<br><br>Defendants. | Case No. 24-cv-08390-JST<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: ECF No. 26 |

Before the Court is Defendants' motion for summary judgment, ECF No. 26. For the reasons set forth below, the Court will grant the motion.

## I.  BACKGROUND

Plaintiff Mahender Reddy Kesireddy filed this action on November 25, 2024, seeking to compel Defendants to take action on his I-160 visa application, which is currently pending with the United States Citizenship and Immigration Services (USCIS). ECF No. 1 ¶ 1. He alleges that he is a victim of domestic violence at the hands of his ex-wife and thus is eligible for legal status through the I-360 petition, *id.* ¶ 3, the process for which was created by Congress through the Violence Against Women Act ("VAWA").

Kesireddy submitted his I-360 application on May 26, 2023. *Id.* Since then, he "has received no meaningful updates about the status of his immigration petition." *Id.* ¶ 33. The USCIS processes VAWA petitions using a first in, first out ("FIFO") policy, "subject to certain limited exceptions." *Id.* ¶¶ 23, 39. The current estimated processing time for VAWA self-petitions is 42.5 months. ECF No. 26-1 ¶ 22. Kesireddy's application thus "is still well under the current estimated processing time of 42.5 months." *Id.* ¶ 37.

1    Defendants filed their motion for summary judgment on June 6, 2025.  ECF No. 26.  Kesireddy opposes the motion, ECF No. 27, and Defendants have filed a reply, ECF No. 30.  On July 28, 2025, the Court found the matter suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b) and took the matter under submission.  ECF No. 33.

## II.    LEGAL STANDARD

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute is genuine only if there is sufficient evidence "such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material only if it might affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When deciding a motion for summary judgment, the court must draw "all justifiable inferences" in the nonmoving party's favor and may not weigh evidence or make credibility determinations.  *Id.* at 255. Where the party moving for summary judgment would bear the burden of proof at trial, that party "has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc*., 213 F.3d 474, 480 (9th Cir. 2000).  Where the party moving for summary judgment would not bear the burden of proof at trial, that party "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If the moving party satisfies its initial burden of production, then the non-moving party must produce admissible evidence to show that a genuine issue of material fact exists.  *See Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000).  The non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment."  *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co*., 55 F.3d 247, 251 (7th Cir. 1995)).  If the nonmoving party fails to make the required showing, the moving party is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

## III. DISCUSSION

### A. Jurisdiction

The Mandamus Act provides federal district courts with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The Administrative Procedure Act ("APA") requires that an agency "proceed to conclude a matter present to it" "within a reasonable time." 5 U.S.C. § 555(b). "When a complaint seeks identical relief under the APA and the Mandamus Act," as Kesireddy does here, "courts routinely elect to analyze [the] APA claim only." *Akbar v. Blinken*, No. 23cv1054-LL-BLM, 2023 WL 8722119, at *3 (S.D. Cal. Dec. 18, 2023) (citing *Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022); *Salihi v. Blinken*, No. 23-cv-718-MMA-AHG, 2023 WL 8007348, at *6 (S.D. Cal. Nov. 17, 2023)). The Court will do so here.

Defendants argue that the Court lacks jurisdiction to review Kesireddy's mandamus claim because the USCIS does not "have a duty to adjudicate a VAWA Form I-360 petition within any certain timeframe." ECF No. 26 at 13. The Court disagrees, and in doing so joins the "dozens (if not hundreds) of district courts" who have decided they have jurisdiction in [a] challenge to the pace of adjudicating" visa applications. *Hong Wang v. Chertoff*, 550 F. Supp. 2d 1253, 1256–57 (W.D. Wash. 2008). As one court aptly explained:

> Defendants contend that because the government's discretion over the visa process includes the pace of visa adjudications, Plaintiffs have identified no mandatory, non-discretionary duty to act. However, even in the absence of a binding deadline, the State Department is "required by law to act on visa applications." *Patel v. Reno*, 134 F.3d 929, 932 (9th Cir. 1997). "[T]here is a difference between the [government]'s discretion over how to resolve an application and the [government's] discretion over whether it resolves an application." *Khan v. Johnson*, 65 F. Supp. 3d 918, 926 (C.D. Cal. 2014) (citation omitted). The pace of adjudication is therefore "subject to a non-discretionary reasonableness standard." *Id.* (citation omitted). Because Defendants have a non-discretionary, mandatory duty to adjudicate visa applications, the agency must take action within a reasonable time. *See Patel*, 134 F.3d at 932–33 (finding that the consulate had a duty to adjudicate the visa applications and had failed to act in accordance with its duty after suspending the applications for eight years).

*Aminzadeh v. Blinken*, No. 2:24-cv-2025-DSF-MRW, 2024 WL 3811153, at *4 (C.D. Cal. Aug. 9, 2024). The Court agrees with this analysis and adopts it here. Accordingly, the Court will

3

not grant Defendants' motion for summary judgment for lack of jurisdiction.

**B.     Unreasonable Delay**

The Court next turns to the question of whether Defendants have unreasonably delayed adjudication of Kesireddy's application. "What constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case." *Fu v. Gonzales*, No. C 07-0207 EDL, 2007 WL 1742376, at *4 (N.D. Cal. May 22, 2007) (citation omitted). In order to determine whether an agency's delay is unreasonable, the Ninth Circuit applies the six-factor "*TRAC* test" originally articulated in *Telecommunications Research and Action Center v. F.C.C.*, 750 F.2d 70 (D.C. Cir. 1984) ("*TRAC*"). *In re Pesticide Action Network North Am., Nat. Res. Def. Council, Inc.*, 798 F.3d 809, 813 (9th Cir. 2015); *Brower v. Evans*, 257 F.3d 1058, 1068 (9th Cir. 2001).[1] The *TRAC* factors are:

> (1) the time agencies take to make decisions must be governed by a rule of reason;
>
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
>
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
>
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
>
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
>
> (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*In re Pesticide Action Network N. Am., Nat. Res. Def. Council, Inc.*, 798 F.3d 809, 813 (9th Cir. 2015) (quoting *Telecomms. Research & Action Ctr. v. F.C.C.*, 750 F.2d at 79–80). The Court now turns to those factors to determine whether Defendants have foreclosed the existence of a genuine

---

[1] Kesireddy argues that the "fact-intensive" "*TRAC* six-factor test is best served after the pleadings phase of litigation." ECF No. 27 at 19–20. But the case *is* after the pleadings phase, and thus the Court finds it appropriate to address the factors.

1    dispute of material fact as to the reasonableness of their delay.

### 1.     First and Second Factors

"The most important *TRAC* factor is the first factor, the 'rule of reason.'" *In re Nat. Res. Def. Counsel, Inc.*, 956 F.3d 1134, 1139 (9th Cir. 2020) (citation modified). "The first two factors are often considered together as the second can supply content for the first's 'rule of reason.'" *Aminzadeh v. Blinken*, 2024 WL 3811153, at *5 (quoting *TRAC*, 750 F.2d at 80).

Defendants aver—and Kesireddy does not show otherwise—that "[c]ourts have unanimously held that USCIS's 'first in, first out' policy for adjudication immigration applications . . . qualifies as a 'rule of reason' that satisfies the first *TRAC* factor." ECF No. 26 at 15–16 (quoting *Kamath v. Campagnolo*, No. 21-cv-1044, 2021 WL 4913298, at *3 (C.D. Cal. Aug. 13, 2021). And district courts in this circuit "have generally found that immigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are often not unreasonable." *Yavari v. Pompeo*, No. 2:19-cv-2524-SVW-JC, 2019 WL 6720995, at *8 (C.D. Cal. Oct. 10, 2019). Kesireddy acknowledges this. ECF No. 27 at 21. But he speculates that his application may be delayed for longer than five years because "it is still possible[] he could receive an RFE [request for evidence]—removing him from his place in the FIFO queue," or that "the exponential number of new I-360s filed since May 2023" make it unlikely his application will be adjudicated in under five years. ECF No. 27 at 23–24. The Court finds these suggestions unpersuasive. If Kesireddy is removed from the FIFO queue by virtue of the procedures USCIS follows when they require more evidence to resolve a visa application, this does not mean that USCIS's system does not qualify as a rule of reason. And the fact that I-360 applications have increased *since* Kesireddy filed his application, in a FIFO system, does not necessarily show that Kesireddy's wait time will pass the reasonableness mark. Accordingly, the first factor tips in favor of Defendants.

### 2.     Second Factor

The Court next considers whether "Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute." *TRAC*, 750 F.2d at 79–80. The parties agree that "Congress included no specific timeframe for the processing of

1    VAWA self-petitions." ECF No. 26 at 18; ECF No. 27 at 25–26. But Kesireddy urges that
2    Congress's expressed "sense . . . that the processing of an immigration benefit application should
3    be completed not later than 180 days after the initial filing of the application" tips the second
4    factor in his favor. ECF No. 27 at 26 (quoting 8 U.S.C. § 1571(b)). As the parties' briefs
5    demonstrate, district courts are split on what impact this statutory language has on the second
6    *TRAC* factor. *Compare Islam v. Heinauer*, 32 F. Supp. 3d 1063, 1073 (N.D. Cal. Mar. 7, 2014)
7    (finding that while the 180-day "sense of Congress" "is not mandatory, it nonetheless suffices to
8    tip the second *TRAC* factor i[n] [plaintiff's] favor"), *and Kamath*, 2021 WL 4913298, at *3 (180-
9    day "sense" supports a finding that the second factor "weighs only slightly in favor of
10   [p]laintiffs"), *with Mohsenzadeh v. Kelly*, 276 F. Supp. 3d 1007, 1014 (S.D. Cal. 2017) (collecting
11   cases interpreting the 180-day "sense of Congress" as "non-binding legislative dicta"). The Court
12   agrees with the *Kamath* court and finds that Congress's 180-day benchmark weighs slightly in
13   favor of Kesireddy.

### 3. Third and Fifth Factors

15   "The third and fifth TRAC factors largely overlap and can generally be evaluated together
16   given their focus on prejudice to human health and welfare." *Aminzadeh*, 2024 WL 3811153, at
17   *7 (citation omitted).

18   Kesireddy alleges that he suffered emotional, financial, and physical abuse from his ex-
19   wife, which led him to end his marriage. ECF No. 1 ¶ 9. But because Defendants have not
20   adjudicated his I-360 application, he is unable to find permanent employment. *Id.* ¶ 11. He is
21   staying with a friend and relying on his elderly parents in India for financial support. *Id.*

22   The Court does not discount the trauma Kesireddy has experienced or the difficulty of his
23   current situation. But Kesireddy's allegations suggest that is he is at least in a safe and stable
24   living situation and that the harms he faces are economic. *See, e.g.*, *Kamath*, 2021 WL 4913298,
25   at *4 (finding that the potential losses of employment and disability benefits "are purely economic
26   in nature" and thus the third and fifth *TRAC* factors only "weigh[] slightly in [plaintiffs'] favor").
27   Because most or all individuals applying for visas under VAWA are likely to be in difficult,
28   unstable, or dangerous situations, it is difficult to say, absent facts suggesting exceptional

circumstances, that Kesireddy's situation "justif[ies] prioritizations over [applications] submitted by similarly situated petitioners." *Dhaubhadel v. Blinken*, No. 24-cv-1427-MJM, 2025 WL 958539, at *4 (D. Md. Mar. 31, 2025). Accordingly, the Court finds the third and fifth factors weigh only slightly in favor of Kesireddy.

### 4.  Fourth Factor

The fourth factor is the effect of granting relief on the agency's competing priorities. "[R]elief may be denied where a judicial order putting an applicant 'at the head of the queue would simply move all others back one space and produce no net gain.'" *Liuqing Zhu v. Cissna*, No. 18-cv-9698-PA-JPR, 2019 WL 3064458, at *5 (C.D. Cal. Apr. 22, 2019) (quoting *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003)). Defendants' FIFO system of processing of VAWA applications suggests that such a "line-skipping concern" is at play here. *Mokuolo v. Mayorkas*, No. 24-cv-817-RDB, 2024 WL 4783542, at *8 (D. Md. Oct. 1, 2024). And the Court's acknowledges Defendants' observation that "granting relief 'would set a dangerous precedent, sending a clear signal that more litigious applicants are more likely to be moved to the top of the proverbial pile.'" ECF No. 26 at 21 (quoting *Dmitrenko v. Chertoff*, No. 7-cv-82, 2007 WL 1303009, at *1 (E.D. Va. Apr. 30, 2007).

The Court finds this facts weighs in favor of Defendants.

### 5.  Sixth Factor

As to the sixth factor, the parties agree that there is no impropriety or bad faith by the agency with regard to Kesireddy's application. ECF No. 26 at 21; ECF No. 27 at 30. Defendants contend that this means the sixth factor weighs in their favor, while Kesireddy contends it remains neutral. *Id.* Defendants do not cite any cases holding that a lack of impropriety weighs in their favor, and indeed several of their cited cases agree with Kesireddy's position that it means the factor remains neutral. *See, e.g.*, *Dhaubhadel*, 2025 WL 958569, at *4. Accordingly, the Court finds this factor is neutral.

### 6.  Totality of *TRAC* Factors

As discussed above, the first and fourth TRAC factors weigh against granting Plaintiffs' request for relief. "[C]ourts routinely afford the most weight" to the first and fourth factors.

7

*Poursohi v. Blinken*, No. 21-CV-01960-TSH, 2021 WL 5331446, at *11 (N.D. Cal. Nov. 16, 2021).  Consequently, these factors outweigh the second, third, and fifth factors, which favor Plaintiffs.  The sixth factor is neutral.

The Court finds that Defendant has established that she is entitled to summary judgment based on application of the TRAC factors to the undisputed facts in the record.  Plaintiffs have not demonstrated the existence of any disputed material facts that would preclude summary judgment.  *See Kapoor v. Blinken*, No. 21-CV-01961-BLF, 2022 WL 181217, at *9 (N.D. Cal. Jan. 20, 2022)

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted.  THE Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated:  December 19, 2025



JON S. TIGAR
United States District Judge